UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO.: 18-60401-CIV-DIMITROULEAS/SNOW

ANGIAMO MARINE, LTD.,

    Plaintiff,

vs.

OCEAN MARINE, LLC,

    Defendant.
_____/

**AMENDED COMPLAINT**

    Plaintiff, ANGIAMO MARINE, LTD. (hereinafter referred to as, "ANGIAMO MARINE"), by and through their undersigned counsel, hereby files this Amended Complaint in Admiralty against OCEAN MARINE, LLC (hereinafter referred to as, "OCEAN MARINE"), and alleges as follows:

    1.    This is a cause within the admiralty and maritime jurisdiction of this Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and further pursuant to 28 U.S.C. § 1333.

    2.    The actions giving rise to this lawsuit arose within the boundaries of this Court, and include an action for breach of a maritime contract involving the repair to a vessel.

    3.    The Plaintiff, ANGIAMO MARINE, is a corporation organized under the laws of The Cayman Islands.

    4.    The Defendant, OCEAN MARINE, is a Virginia limited liability company operating a commercial enterprise for the repair and service of vessels.

5. At all times material hereto, ANGIAMO MARINE was the owner of the M/Y ANGIAMO, a 2003 42 meter Feadship recreational vessel, registered in Georgetown, Cayman Islands, Official Number 735594, (hereinafter referred to as, "M/Y ANGIAMO" and "vessel").

## GENERAL FACTS AND ALLEGATIONS

6. On or about March 2015, ANGIAMO MARINE, through its authorized agents, entered into an agreement with OCEAN MARINE to provide materials and services for the service, maintenance, repair, and improvement of the M/Y ANGIAMO, including to repair, re-sand, re-groove and re-caulk the vessel's teak decks; to repair a foredeck crane; and to paint the vessel.

7. OCEAN MARINE's materials and services rendered were unworkmanlike, not in conformity with industry and manufacturer standards, and were defective.

8. Particularly, OCEAN MARINE's teak deck repairs fell far short of industry and Feadship standards, were defective, unworkmanlike, and woefully inadequate for application on M/Y ANGIAMO.

9. Shortly after the vessel left OCEAN MARINE's facility, a problem of water penetration or seepage below the teak decks was noted. Caulk was found to be missing and not adhering properly, causing the water seepage. It was found that OCEAN MARINE failed to install "breaker bond" at the bottom of the seam which prevents seepage and allows the seam to flex as the deck moves. Also, the joints were not properly prepped and scrubbed with acetone prior to the application of the new caulk to ensure proper adhesion.

10. Further, the seams were of irregular widths and depths, causing many seams to hold water. Also, segments of planks were damaged by the improper over run of a saw or router, and replaced with slithers of replacement "Dutchmen" resulting in mismatched teak grain.

11. Also, OCEAN MARINE's service of the foredeck crane was also unworkmanlike, not in conformity with industry standards, and was defective.

12. As a result of OCEAN MARINE's improper, unworkmanlike, and defective service of the foredeck crane, the crane began leaking oil on the vessel's first voyage after service, and a blow out occurred during purging of the cylinder from the incorrect bite rings being installed.

13. Furthermore, OCEAN MARINE failed to identify and replace worn hydraulic hose assemblies that were 9 years old and well beyond their service life; failed to identify and replace/correct unsafe hoses attached to the CB valve; and installed incorrect bite rings that were the improper material (steel instead of stainless steel).

14. Additionally, OCEAN MARINE's painting of the vessel was unworkmanlike, not in conformity with industry standards, and was defective.

15. There was paint overspray on both the port and starboard side of the vessel, paint blistering, improper blending, and the starboard boarding ladder was improperly hung, causing damages to the paint and fairing.

16. OCEAN MARINE was promptly notified of the teak repair defects, foredeck crane defects, and painting defects, and were provided the opportunity to cure, but failed to do so.

17. OCEAN MARINE was formally notified of workmanship defects associated with OCEAN MARINE's repairs in September 2015, it inspected the vessel on September 18, 2005, and agreed to cure the defects.

18. The vessel arrived at OCEAN MARINE's facility on October 7, 2015 for agreed warranty work to cure the aforementioned defects. Cure of the outstanding warranty issues was attempted during the October yard period without success.

19. Thereafter, the M/Y ANGIAMO departed to Florida and continued to experience warranty issues related to OCEAN MARINE's poor workmanship with respect to her teak decks and the other aforementioned issues.

20. OCEAN MARINE was again notified of the vessel's continued issues based on OCEAN MARINE's unworkmanlike and defective repairs.

21. In response, on Daryl Smith of OCEAN MARINE inspected the boat on December 7, 2015 in West Palm Beach, Florida.

22. Following the identification of OCEAN MARINE's unworkmanlike and defective repairs in Florida, OCEAN MARINE entered into an agreement with ANGIAMO MARINE in Florida to correct OCEAN MARINE's unworkmanlike and defective repairs to the vessel's teak deck, foredeck crane, and paint of the vessel at the vessel's location in Florida.

23. OCEAN MARINE agreed to the services of Jeff Gibbs Teak Deck Repairs Inc. of Fort Lauderdale to perform correction and replacement of OCEAN MARINE's unworkmanlike work.

24. The agreement entered into between OCEAN MARINE and ANGIAMO MARINE for OCEAN MARINE's correction of its unworkmanlike and defective repairs to the vessel's teak deck, foredeck crane, and paint of the vessel at the vessel's location in Florida was separate and apart from any previous agreement between the parties.

25. OCEAN MARINE's agreement was not limited to work it performed and included payment to third party contractors.

26. Indeed, OCEAN MARINE instructed Jeff Gibbs Teak Deck Repairs Inc. to inspect and quote repairs to the teak deck on the M/Y ANGIAMO.

27. Jeff Gibbs Teak Deck Repairs Inc. confirmed the unworkmanlike and defective installation of the teak deck as described herein, necessitating replacement.

28. OCEAN MARINE's defective teak repairs necessitated the teak deck to be replaced to the proper specifications at a cost of approximately $103,065.33. This figure is supported by Jeff Gibbs Teak Deck Repairs Inc. quote of $89,102.00 to re-seam the teak, with the addition of state taxes and certain work to be performed on a time and materials basis.

29. Also, OCEAN MARINE sent its own representatives to Florida to repair the vessel, including attempted repairs to cure paint issues, during two visits to the vessel. (Bento Aff., D.E. 6-1 ¶ 10.)

30. Additionally, ANGIAMO MARINE paid approximately:

  a. $26,108.44 to correct OCEAN MARINE's defective service of the foredeck crane.

  b. $13,257.00 to correct OCEAN MARINE's defective painting.

  c. $50,078.74 to correct OCEAN MARINE's unworkmanlike and defective hanging of the ladder and the resulting damages to the paint and fairing.

31. The repairs made under the agreement between OCEAN MARINE and ANGIAMO MARINE for the correction of OCEAN MARINE's unworkmanlike and defective repairs at the vessel's location in Florida all occurred in Florida, and payment for the repairs was made in Florida.

32. OCEAN MARINE breached the agreement with ANGIAMO MARINE for the correction of OCEAN MARINE's unworkmanlike and defective repairs at the vessel's location

in Florida. OCEAN MARINE has failed to cure the defects and it has failed to make payment for the repairs.

33. OCEAN MARINE is subject to the personal jurisdiction of this Court pursuant to Fla. Stat. § 48.193 by:

   a. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state, including the agreement between OCEAN MARINE and ANGIAMO MARINE for the correction of OCEAN MARINE's unworkmanlike and defective repairs at the vessel's location in Florida.

   b. Causing injury to persons or property within this state.

   c. Engaging in solicitation, advertising, marketing or service activities within this state.

   d. Processing, servicing, or manufacturing products, materials or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.

   e. Committing a tortious act and other negligent conduct within this state as described herein.

   f. Engaging in substantial and not isolated activity within this state.

   g. Engaging in such other and further acts and omissions to be discovered.

34. OCEAN MARINE has engaged in continued and systematic activity in Florida, including continued solicitation and procurement of business. (See eg. Bento Aff., D.E. 6-1 ¶ 11.)

35. At all times material hereto, the vessel was located within the Southern District of Florida.

36. The formation of the contract described herein between OCEAN MARINE and ANGIAMO MARINE for the correction of OCEAN MARINE's unworkmanlike and defective repairs at the vessel's location in Florida occurred within the Southern District of Florida.

37. Performance under the agreement by OCEAN MARINE to cure the defects either directly or through payment of subcontracted work was intended and agreed to be performed within the Southern District of Florida.

38. OCEAN MARINE breached its agreement with ANGIAMO MARINE in the Southern District of Florida by failing to perform acts required by the agreement to be performed in Southern District of Florida, including to cure the defects either directly or through payment of subcontracted work within the Southern District of Florida.

39. Accordingly, the breach of the contract described herein occurred and accrued at the location of the vessel, within the Southern District of Florida.

40. All causes of action and damages for this case accrued within the Southern District of Florida.

41. This Court has proper subject matter jurisdiction to hear this case.

42. This Court has proper personal jurisdiction over the parties of this case.

43. Venue for this civil action is proper in the Southern District of Florida.

44. All conditions precedent to bringing this case have been satisfied, waived or excused.

## COUNT I – BREACH OF CONTRACT

45. Plaintiff reaffirms and re-alleges paragraph numbers 1 through 44 as though fully incorporated herein, and further alleges:

46. The cause of action alleged in this Count is brought pursuant to 28 U.S.C. § 1333 under general federal maritime law in connection with a claim for damage caused by a repairer to the vessel.

47. Federal maritime law applies to this cause of action as "[i]t is well settled that a contract to repair a vessel is maritime." *F.W.F., Inc. v. Detroit Diesel Corp.,* 494 F.Supp.2d 1342, 1352 (S.D. Fla. 2007), aff'd, 308 Fed.Appx. 389 (11th Cir. 2009) (quoting *Alcoa S.S. Co. v. Charles Ferran & Co.,* 383 F.2d 46, 50 (5th Cir. 1967)).

48. ANGIAMO MARINE entered into an agreement with OCEAN MARINE for the correction of OCEAN MARINE's unworkmanlike and defective repairs to the vessel's teak deck, foredeck crane, and paint of the vessel at the vessel's location in Florida.

49. In consideration for the agreement to repair the vessel in Florida, ANGIAMO MARINE proceeded with instructing Jeff Gibbs Teak Deck Repairs Inc. to perform repair at Lauderdale Marine Center in Florida and later became responsible for payment to Jeff Gibbs Teak Deck Repairs Inc. after OCEAN MARINE failed to uphold its end of the bargain.

50. OCEAN MARINE materially breached its agreement with ANGIAMO MARINE by failing to cure the defects and failing to make payment for the repairs it authorized.

51. As a direct and proximate result of OCEAN MARINE's breach of its contractual agreement with ANGIAMO MARINE, ANGIAMO MARINE incurred damages, including but not limited to $103,065.33 to correct the teak deck defects, $26,108.44 to correct the foredeck crane defects, $13,257.00 to correct the painting defects, $50,078.74 to correct the defective hanging of the ladder and the resulting damages to the paint and fairing, the vessel being taken out of service for repairs of the aforementioned defects and damages, and additional consequential and incidental damages including but not limited to loss of charter hire.

**WHEREFORE**, the Plaintiff, ANGIAMO MARINE, LTD., demands judgment against the Defendant, OCEAN MARINE, LLC, for consequential, compensatory, expectancy, resulting, incidental and reliance damages, prejudgment interest, and for costs; and for such other and further relief that this Honorable Court deems just and proper.

### COUNT II – PROMISSORY ESTOPPEL

52. Plaintiff reaffirms and re-alleges paragraph numbers 1 through 44 as though fully incorporated herein, and further alleges:

53. This claim is plead in the alternative to Count I in the event there is no adequate remedy at law.

54. OCEAN MARINE promised ANGIAMO MARINE that it would correct OCEAN MARINE's unworkmanlike and defective repairs to the vessel's teak deck, foredeck crane, and paint of the vessel at the vessel's location in Florida, either directly or with subcontracted work.

55. OCEAN MARINE reasonably should have expected the promise to induce reliance in the form of action or forbearance by ANGIAMO MARINE, including for ANGIAMO MARINE to proceed with repairs in Florida and to forbear continued warranty repairs in Virginia at OCEAN MARINE's facility.

56. ANGIAMO MARINE justifiably relied upon OCEAN MARINE's promise to its detriment as ANGIAMO MARINE proceeded with repairs in Florida thus incurring the financial obligation to pay Jeff Gibbs Teak Deck Repairs Inc. when OCEAN MARINE failed to perform.

57. OCEAN MARINE failed to pay for the repairs it had agreed.

58. ANGIAMO MARINE has incurred costs and expenses to repair the vessel in Florida as was promised to be paid by OCEAN MARINE in the amount of $103,065.33 to correct the teak deck defects, $26,108.44 to correct the foredeck crane defects, $13,257.00 to

correct the painting defects, $50,078.74 to correct the defective hanging of the ladder and the resulting damages to the paint and fairing.

59. The amounts paid by ANGIAMO MARINE for the repair of the vessel as was promised by OCEAN MARINE are fair and reasonable.

60. ANGIAMO MARINE has not been compensated for the amounts expended to repair the vessel as was promised by OCEAN MARINE.

61. Injustice can only be avoided by enforcement of OCEAN MARINE's promise to compensate ANGIAMO MARINE for its costs and expenses incurred to repair the vessel in Florida.

**WHEREFORE**, the Plaintiff, ANGIAMO MARINE, LTD., demands judgment against the Defendant, OCEAN MARINE, LLC, for consequential, compensatory, expectancy, resulting, incidental and reliance damages, prejudgment interest, and for costs; and for such other and further relief that this Honorable Court deems just and proper.

Dated this 6th day of April, 2018 at Broward County, Florida.

Respectfully Submitted,

FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone:  (954) 763-5020
Fax:     (954) 763-5412
*Attorneys for Plaintiff, ANGIAMO MARINE, LTD.*

By: /s Christopher R. Fertig
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

and

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 6th day of April, 2018 on all counsel or parties of record on the Service List below in the manner specified.

By: /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.

## SERVICE LIST

| | |
|---|---|
| Christopher R. Fertig, Esq.<br>Email: crf@fertig.com<br>Alexander P. Koffler, Esq.<br>Email: apk@fertig.com<br>FERTIG & GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>Telephone: 954-763-5020<br>Facsimile: 954-763-5412<br>*Attorneys for Plaintiff, ANGIAMO MARINE, LTD.*<br>Delivery via Notices of Electronic Filing generated by CM/ECF | Robert B. Birthisel, Esq.<br>Philip M. Wallace, Esq.<br>Jules V. Massee, Esq.<br>Emails: jmassee@hamiltonmillerlaw.com,<br>CBBserve@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>100 South Ashley Drive, Suite 1210<br>Tampa, Florida 33602<br>Telephone: (813) 223-1900<br>Facsimile: (813) 223-1933<br>*Counsel for Defendant, Ocean Marine, LLC*<br>Delivery via Notices of Electronic Filing generated by CM/ECF |